PEDRO JOSÉ SANTIAGO Y MENDOZA, peticionario, *v.* CORTE DE DISTRITO DE GUAYAMA, HON. DOMINGO MASSARI, JUEZ EN COMISIÓN, demandada.

Núm. 1268.—*Sometido:* Febrero 2, 1942. *Resuelto:* Febrero 6, 1942.

*M. Guzmán Texidor,* abogado del peticionario; *Frank Martínez, Sebastián García Díaz y Enrique Campos del Toro,* abogados de la interventora, demandada en el pleito principal.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

Los antecedentes de este caso, tomados de los autos de la Corte de Distrito de Guayama, que tenemos a la vista, son como sigue:

The Federal Land Bank of Baltimore instituyó un procedimiento ejecutivo sumario contra los herederos de Fidel

María Santiago, entre los cuales figuraba el aquí peticionario, para hacer efectiva una obligación hipotecaria. Seguidos los trámites preliminares, la corte de distrito expidió mandamiento al márshal para que vendiera en subasta pública la finca hipotecada, y en cumplimiento de lo ordenado el márshal vendió y adjudicó la finca al banco ejecutante.

En septiembre 21, 1936 el aquí peticionario Pedro José Santiago Mendoza radicó una demanda contra el banco ejecutante, solicitando la nulidad de la subasta, por el fundamento de que la finca fué vendida por el márshal después de celebrar una sola subasta y sin que se cumpliera con las disposiciones de la ley núm. 81 de mayo 13 de 1936 ((1) pág. 433), no habiéndose pedido el justiprecio de la finca hipotecada para preparar el anuncio de subasta.

En su contestación el banco demandado admitió los hechos de la demanda y alegó como defensa que habiéndose hecho el requerimiento el 25 de abril de 1936, o sea 19 días antes de que comenzara a regir la citada ley de mayo 13 de 1936, dicha ley no era aplicable al ejecutivo en tramitación. El banco formuló además una contrademanda por un total de $15,727.24.

En el acto de la vista celebrada el 3 de mayo de 1940 el abogado del Federal Land Bank hizo constar que el banco admitía como ciertas las alegaciones de la demanda y del *bill of particulars,* y el abogado del demandante manifestó que su representado admitía como ciertas las alegaciones de la contrademanda, quedando así el caso sometido para sentencia. Esta fué dictada en marzo 20, 1941, declarando (*a*) nulos el procedimiento ejecutivo, la subasta y adjudicación de la finca y su inscripción en el registro; y (*b*) con lugar la contrademanda por la suma de $13,100.69.

En abril 21, 1941 el demandante Pedro José Santiago Mendoza apeló de la parte de la sentencia por la que se declaró con lugar la contrademanda. El banco no apeló.

En mayo 10, 1941 el demandante y aquí peticionario solicitó la ejecución de la sentencia en cuanto declaró nulo el procedimiento ejecutivo y la subasta y pidió que se librara

mandamiento al márshal para que le pusiese en posesión de la finca en litigio. Librado dicho mandamiento, en mayo 17 de 1941 el márshal procedió a diligenciarlo, poniendo en posesión de la finca a Angel Santiago como representante de Pedro José Santiago Mendoza y notificando a los encargados de la finca y a Pedro Ferrer, quien adquirió la finca por compra al banco ejecutante.

En mayo 19 de 1941 el Federal Land Bank solicitó se dejara sin efecto la orden de entrega de posesión de la finca, alegando que la misma había sido dictada a espaldas del demandado y que era improcedente por varios fundamentos legales que creemos innecesario exponer en esta opinión.

En mayo 28, 1941 esta Corte Suprema desestimó por considerarlo frívolo el recurso de apelación interpuesto por Pedro José Santiago Mendoza contra la sentencia que le condenó al pago de la suma reclamada en la contrademanda. En junio 6, 1941 el márshal embargó todo el título e interés que pudiera tener el demandante en la finca en litigio. En junio 18 de 1941, a petición del banco ejecutante, la corte inferior ordenó la ejecución de la sentencia y la venta en pública subasta de los bienes de Pedro José Santiago Mendoza; y celebrada la subasta el día 11 de julio de 1941, la participación del Sr. Santiago Mendoza en la finca fué adjudicada al banco. En julio 12 de 1941 el márshal puso al banco en posesión de la finca y notificó a Santiago Mendoza.

En diciembre 20 de 1941, estando ya el banco en posesión de la finca por haberle sido adjudicada en la subasta de julio 11 del mismo año, la corte inferior dictó una resolución declarando con lugar la moción formulada por el banco en mayo 19 de 1941 para que se dejara sin efecto la orden de mayo 13 del mismo año, por virtud de la cual se puso a Santiago Mendoza en posesión de la finca. En diciembre 27, 1941 el peticionario Santiago Mendoza interpuso el presente recurso de *certiorari* contra dicha orden y tres días más tarde radicó escrito de apelación.

, El presente recurso debe ser desestimado por ser a todas luces frívolo y académico. Según hemos visto, cuando se dictó la orden recurrida, en diciembre 20 de 1941, ya el Federal Land Bank estaba en posesión de la finca por haber adquirido, mediante la adjudicación que se le hiciera en subasta pública, todo el título, derecho e interés que a Pedro José Santiago Mendoza pudiera corresponder en el inmueble. La orden recurrida era absolutamente innecesaria y en nada pudo afectar derecho alguno del peticionario, quien ya los había perdido todos al ser ejecutada la sentencia dictada en su contra. De los autos aparece que Pedro José Santiago Mendoza estuvo en posesión de la finca desde mayo 17 de 1941 hasta julio 12 de 1941, fecha en que se ejecutó la sentencia contra él. Y eso es todo a lo que tenía derecho de acuerdo con lo resuelto en *Cosme* v. *Márquez,* 49 D.P.R. 783.

*La petición debe ser declarada sin lugar y anulado el auto expedido.*